JOSÉ DE GRACIA, Plaintiff and Appellee, v. GERARDO GUARDIOLA, Defendant and Appellant.

No. 4299. Argued June 20, 1927.—Decided July 30, 1927.

*F. Soto Gras* for the appellant. *Blondet & Campillo* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In the present case judgment was rendered against defendant Guardiola for ten thousand dollars to be paid to the plaintiff Gracia. Gracia sued for twenty-five thousand. Both parties appealed. This is the appeal of the defendant. The transcript of about two hundred pages was filed in the office of the secretary of the Supreme Court on the 6th of June, 1927.

At this stage, on the 7th of June the plaintiff-appellant filed a motion to dismiss which was opposed by the defendant appellant.

The basis of the motion is that the transcript was filed in the office of the clerk of the district court on April 9, 1927; that the hearing for its approval was held on the 21st of April, 1927, and the plaintiff opposed its approval because in his opinion the court had no jurisdiction to approve it on that date; that nevertheless the court approved it on May 6th, and that the procedure followed violated section 2 of Act No. 27 of November 27, 1927.

Exhibited with the motion was a certificate of the clerk stating that it does not appear either from the record of the case or from the docket that any order had been made setting May 21st for the approval of the transcript. Also the motion was accompanied by the "stenographic record of the hearing for the approval of the transcript of the evidence," beginning as follows:

"On this the 21st day of April, 1927, this case was called for a hearing on the approval of the transcripts of the evidence, one filed by the plaintiff and another by the defendant, as is shown by the record of the case.

"Attorneys Ricardo H. Blondet and Francisco Soto Gras appeared for the plaintiff and the defendant respectively.

"Judge: There is a transcript filed by José de Gracia, appellant, and another by Gerardo Guardiola, also appellant. We have then that of José de Gracia which was filed on April 11, 1927.

"Attorney for the plaintiff: For the purposes of the transcript we desire to inform the court that there was an admission by the adverse party at the trial. . ."

There follows the incident which took place relative to the inclusion or exclusion of certain facts and other details, all referring to the transcript filed by the plaintiff as appellant, and then the judge said:

"Now, in this other case the transcript of the evidence is filed by Gerardo Guardiola; is there any amendment?

"Attorney for the defendant: None.

"Attorney for the plaintiff: We oppose the approval because in our opinion the court has no jurisdiction to approve the transcript on this date.

"Judge: For what reason?

"Attorney for the plaintiff: Because we understand that there are extensions which have been granted outside the term, that is, after the expiration of previous extensions. .

"Attorney for the defendant: Then we simply request that the court be shown a memorandum of the extensions granted and a computation of the terms. But if that is the question I submit it; 1 have nothing to say.

"Attorney for the plaintiff: Nor have I.

"Judge: Then Mr. Blondet will check also the extensions in this case and submit a statement to the court and leave is granted until the 25th for filing the memorandum.

"Attorney for the defendant: Then I reserve until Monday my checking also, jointly.

"Judge: Yes, the question is that the court should have it on Monday so as to be able to examine and settle it. The hearing is adjourned."

It is true that section 2 of Act No. 27 of 1927 provides that the judge shall set a day for the approval of the transcript to be prepared for the purpose of an appeal, and that the certificate of the clerk of the district court which is

attached to the motion tends to show that no day was set; but as the "stenographic record" also accompanying the motion shows that the judge "called the case for a hearing on the approval of the *transcripts, of evidence, filed,*" without objection on the part of the plaintiff; that action was first taken on the transcript filed by the plaintiff and then later on that filed by the defendant, the plaintiff objecting to its approval only on the ground that the court had no jurisdiction to approve it on that day, without explaining why, and because extensions had been granted outside of the term, we understand that the failure of previously setting a day was fully remedied. The two transcripts were identical and the parties were prepared therefore to argue on the approval, as in fact they did. According to the best practice a single transcript was sufficient in this case.

The motion of the plaintiff has no merit and therefore it must be dismissed.

Mr. Justice Wolf took no part in the decision of this case.